This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-36671

JAVIER VALDIVIEZ and LUZ HIGINIA
RUELAS CORRAL,

      Plaintiffs-Appellants,

v.

ROBERT B. GIBSON AUTO SALES,
INC. and FORD MOTOR COMPANY,

      Defendants,

and

BRIDGESTONE AMERICAS TIRE
OPERATIONS, LLC,

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
Sarah M. Singleton, District Court Judge

Durham, Pittard & Spalding, L.L.P.
Rosalind B. Bienvenu
Caren I. Friedman
Justin R. Kaufman
Santa Fe, NM

for Appellants

Keleher & McLeod, P.A.
Thomas C. Bird
Arthur O. Beach
Albuquerque, NM

for Appellee

**HANISEE, Judge.**

**{1}**     Plaintiffs Javier Valdiviez and Luz Higinia Ruelas Corral (collectively, Plaintiffs) appeal the district court's order granting Defendant Bridgestone Americas Tire Operations, LLC's (Bridgestone) motion to dismiss for lack of personal jurisdiction. While the district court's order in this case related to both general and specific personal jurisdiction, the parties' arguments on appeal relate solely to the issue of whether the district court erred in determining it could not exercise specific personal jurisdiction over Bridgestone. This appeal presents a similar issue as raised in *Chavez v. Bridgestone Americas Tire Operations, LLC* (*Chavez III*), 2023-NMCA-022, ¶ 1, 527 P.3d 652, where we examined whether the district court could exercise specific personal jurisdiction over Bridgestone in the plaintiffs' wrongful death claim. Under *Chavez III* and for the reasons that follow, we reverse and remand for proceedings consistent with this opinion.

## DISCUSSION

**{2}**     This appeal arose from Plaintiffs' lawsuit against Bridgestone in which Plaintiffs claimed that design and manufacturing defects in the Bridgestone tires installed on Plaintiffs' vehicle caused Plaintiffs to suffer severe injuries during a rollover accident while travelling in Mexico. Specifically, Plaintiffs' complaint alleged that "a catastrophic tread-belt separation" of one of the Bridgestone tires caused Plaintiffs to lose control of their vehicle, resulting in the rollover accident that caused Plaintiffs' injuries. Bridgestone filed a motion to dismiss for lack of personal jurisdiction, which the district court granted. The district court reasoned that because the original retail sale of Plaintiffs' vehicle occurred in Arizona—with Plaintiffs having later purchased the vehicle from a used car dealer in New Mexico—Plaintiffs' cause of action did not arise out of Bridgestone's transaction of business within New Mexico, and thus the district court could not exercise either general or specific personal jurisdiction over Bridgestone in Plaintiffs' cause of action. This appeal followed.

**{3}**     During the pendency of this and related appeals, a number of relevant opinions were filed. Our Supreme Court issued its opinion in *Chavez v. Bridgestone Americas Tire Operations, LLC* (*Chavez II*), 2022-NMSC-006, ¶¶ 1, 5, 503 P.3d 332, in which the Court remanded the case to this Court with instructions to determine whether the district court may exercise specific personal jurisdiction over Bridgestone in the plaintiff's wrongful death action, having concluded that Bridgestone was not subject to general personal jurisdiction as we had originally determined in *Chavez v. Bridgestone Americas Tire Operations, LLC* (*Chavez I*), A-1-CA-36442, mem. op. (N.M. Ct. App. Dec. 21, 2018) (nonprecedential), *overruled by Chavez II*, 2022-NMSC-006, ¶¶ 4, 5. In light of *Chavez II*, we ordered the parties herein to complete supplemental briefing to address the impact of *Chavez II* on the present appeal. Our opinion in *Chavez III* was filed during the parties' supplemental briefing period. In *Chavez III*, we concluded that the district court could exercise specific personal jurisdiction over Bridgestone despite the accident at issue occurring outside of New Mexico, relying in part on the United

States Supreme Court opinion in *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1032, (2021), which had likewise been filed during the pendency of this appeal. *See Chavez III*, 2023-NMCA-022, ¶¶ 1, 16.

**{4}**     In their initial briefing, Plaintiffs argued that the district court erred in determining that it could not exercise specific personal jurisdiction over Bridgestone in light of past precedent regarding personal jurisdiction. Plaintiffs further asserted that the district court erred in denying Plaintiffs' request to amend their complaint and failing to direct Bridgestone to answer jurisdictional discovery. Bridgestone originally answered that the district court properly concluded that it could not exercise specific personal jurisdiction over Bridgestone because both the original retail sale of Plaintiffs' vehicle as well as the accident involving such vehicle occurred outside of New Mexico. Bridgestone further contended that the district court did not abuse its discretion in denying Plaintiffs' requests to amend their complaint and for jurisdictional discovery. In their supplemental briefing, Plaintiffs argue that *Chavez II*, *Chavez III*, and *Ford* all support the exercise of specific personal jurisdiction in this case. In its supplemental briefing, Bridgestone argues that under *Ford*, Plaintiffs' cause of action was undermined by the fact that the accident at issue occurred outside of New Mexico. Bridgestone contends that "[r]egardless of whether [Bridgestone] purposefully availed itself of the privilege of doing business in New Mexico, . . . the 'affiliation' between" such conduct and Plaintiffs' claims is insufficient "because the accident giving rise to these claims did not occur in New Mexico."

**{5}**     "Whether Bridgestone is subject to specific personal jurisdiction in New Mexico courts is a question of law we review de novo." *Chavez III*, 2023-NMCA-022, ¶ 6. "[W]here, as here, the district court base[d] its ruling on the parties' pleadings, attachments, and non[]evidentiary hearings, we construe those pleadings and affidavits in the light most favorable to the complainant." *Id.* (alterations, internal quotation marks, and citation omitted). "Our courts may exercise specific personal jurisdiction over" an out-of-state defendant "if the defendant has certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice and the cause of action is related to those contacts." *Id.* ¶ 7 (internal quotation marks and citation omitted). Central to our analysis in this case is the requirement that a plaintiff's claim "must arise out of or relate to the defendant's contacts" with the forum state in order for a district court to exercise specific personal jurisdiction over such a defendant. *Ford*, 141 S. Ct. at 1025 (internal quotation marks and citation omitted); *accord Chavez III*, 2023-NMCA-022, ¶ 7.

**{6}**     Here, Bridgestone's extensive contacts in New Mexico are not disputed by the parties, and the district court deferred to Plaintiffs' pleadings on that issue. Rather, this appeal centers on whether Plaintiffs' cause of action arose from or relates to Bridgestone's contacts in New Mexico. The district court concluded that Plaintiffs' cause of action did not arise out of Bridgestone's contacts in New Mexico because the retail sale of Plaintiffs' vehicle occurred outside of the state. This was error under relevant precedent, given *Ford*'s clarification that a court's exercise of specific personal jurisdiction is not limited "to where the car was designed, manufactured, or first sold."

141 S. Ct. at 1028. Further, despite the district court's conclusion to the contrary, specific personal jurisdiction does not require a causal link between a plaintiff's cause of action and a defendant's activity in the forum state. *See id.* at 1026. Rather, a court's ability to exercise specific personal jurisdiction over an out-of-state defendant hinges on whether the cause of action arises out of *or relates to* the defendant's contacts with the forum state. *Id.* The *Ford* Court explained:

> The first half of that standard asks about causation; but the back half, after the "or," contemplates that some relationships will support jurisdiction without a causal showing. That does not mean anything goes. In the sphere of specific jurisdiction, the phrase "relate to" incorporates real limits, as it must to adequately protect defendants foreign to a forum. But again, we have never framed the specific jurisdiction inquiry as always requiring proof of causation—i.e., proof that the plaintiff's claim came about because of the defendant's in-state conduct.

*Id.* "In other words, under *Ford*, Plaintiffs need not prove that the fatal accident occurred *because of* Bridgestone's contacts in New Mexico, but rather that the fatal accident is *related to* such contacts." *Chavez III*, 2023-NMCA-022, ¶ 10. The district court erred in finding that a direct causal link between Plaintiffs' cause of action and Bridgestone's contacts in New Mexico would be required in order for the court to exercise specific personal jurisdiction over Bridgestone. Such a strict causation-only approach does not comport with applicable and current precedent.

**{7}** Indeed, the location of the original retail sale of Plaintiffs' vehicle does not necessarily have any bearing on whether a district court might later exercise specific personal jurisdiction over a defendant related to such vehicle. *See Ford*, 141 S. Ct. at 1028. This is especially true in a case such as this, where the district court did not hold an evidentiary hearing on the jurisdictional discovery completed by the parties. While we do not know precisely when or where the Bridgestone tires in question were installed on Plaintiffs' vehicle, the record reflects that the Bridgestone tires were manufactured in 2003, meaning that the tires could not have been installed on Plaintiffs' vehicle at the time of its original retail sale in Arizona in 1998. This fact alone undermines the district court's reliance on the original retail sale of Plaintiffs' vehicle as jurisdictionally relevant to Plaintiffs claims against Bridgestone. The record further reflects that Plaintiffs purchased the vehicle in 2005, and that between 1998 and 2005 the vehicle had been owned—and presumably serviced—in both Arizona and New Mexico. Where, as here, a district court's ruling is based upon the parties' pleadings and affidavits rather than an evidentiary hearing, "both a district court and this appellate court must construe the pleadings and affidavits in the light most favorable to the complainant" and "[t]he complainant need only make a prima facie showing that personal jurisdiction exists." *Cronin v. Sierra Med. Ctr.*, 2000-NMCA-082, ¶ 10, 129 N.M. 521, 10 P.3d 845. We conclude that the above pleaded facts could support such a prima facie showing, and further conclude that Plaintiffs' cause of action sufficiently relates to Bridgestone's undisputed contacts in New Mexico such that the district court may exercise specific personal jurisdiction.

**{8}** We turn next to Bridgestone's argument that the district court could not exercise specific personal jurisdiction over Bridgestone because the accident underlying Plaintiffs' cause of action occurred outside of New Mexico. We resolved precisely such an argument in *Chavez III*, ultimately concluding that "the fact that the . . . collision did not occur in New Mexico is not, on its own, determinative of whether Bridgestone may be subject to specific personal jurisdiction in this state." 2023-NMCA-022, ¶ 15. We further stated that "[o]ur courts have never held that the asserted harm must occur in New Mexico for a nonresident defendant to be subject to specific personal jurisdiction," and clarified that "[w]hile it is undoubtedly common that factual scenarios underlying jurisdictional disputes often address injuries or harm that occurred in the forum state, such is not required to subject a nonresident defendant to specific personal jurisdiction in that forum state." *Id.* Similarly, we concluded that *Ford* does not support Bridgestone's argument in this regard, noting that "[t]he *Ford* Court never stated that its conclusion regarding specific personal jurisdiction was based on where the accidents [at issue] occurred." *Id.* ¶ 14. Under *Ford*, while "the place of a plaintiff's injury and residence cannot *create* a defendant's contact with the forum [s]tate," the place of a plaintiff's injury and residence "may be relevant in assessing the link between the defendant's forum contacts and the plaintiff's suit—including its assertions of who was injured where." 141 S. Ct. 1031-32.

**{9}** Here, Plaintiffs allege that they were injured in an accident caused by manufacturing and design defects in Bridgestone's tires. We conclude that the connection between Plaintiffs' claims and Bridgestone's undisputedly extensive contacts and activities in New Mexico—that is, the "relationship among the defendant, the forums, and the litigation," *see id.* at 1032 (alteration, internal quotation marks, and citation omitted)—is established to the degree necessary to support the district court's exercise of specific personal jurisdiction. We therefore hold that the district court erred in finding it could not exercise specific personal jurisdiction over Bridgestone and in granting Bridgestone's motion to dismiss on that basis. Based on such holding, we decline to further address Plaintiffs' arguments regarding the district court's denial of Plaintiffs' motions for jurisdictional discovery and to amend their complaint.

**CONCLUSION**

**{10}** For the above reasons, we reverse and remand for proceedings consistent with this opinion.

**{11}   IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**